**NOT RECOMMENDED FOR PUBLICATION**
File Name: 15a0255n.06

**No. 13-3911**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| TIMOTHY L. SNYDER, | ) | **FILED** |
|  | ) | **Apr 09, 2015** |
| Petitioner-Appellant, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) | ON APPEAL FROM THE |
|  | ) | UNITED STATES DISTRICT |
| MARION CORRECTIONAL INSTITUTION, | ) | COURT FOR THE SOUTHERN |
| Warden, | ) | DISTRICT OF OHIO |
|  | ) |  |
| Respondent-Appellee. | ) |  |
|  | ) |  |
|  | ) |  |

BEFORE: GRIFFIN and STRANCH, Circuit Judges; and STEEH, District Judge.[*]

GRIFFIN, Circuit Judge.

Ohio state prisoner Timothy Snyder appeals the denial of his 28 U.S.C. § 2254 petition, which alleged that his various Ohio state theft convictions were not supported by sufficient evidence. We affirm.

I.

The Ohio Court of Appeals accurately recited the facts as follows:

Appellant [Snyder] is a contractor. Most of his clients are elderly. He met seventy-five year old Mildred Stahl in May 2004. Appellant handled an insurance repair claim for the repair of the roof of Mr. and Ms. Stahl's mobile home. After the death of her husband, appellant began assisting Ms. Stahl with errands and small jobs around her home. They opened a joint savings account into which she

---

[*]The Honorable George Caram Steeh III, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

deposited life insurance proceeds from the death of her husband. Appellant cut Ms. Stahl's grass and drove her to appointments.

During a one-year period between March 2004 and November 2005, appellant received nearly $56,000.00 from Mildred Stahl. The State presented evidence that appellant received money for work he did not perform. Appellant contended that the majority of the money was given to him by Ms. Stahl as loans and gifts.

Appellant met seventy-three year old James Bauer in 2004 when appellant sealed the roof of Mr. Bauer's mobile home. Mr. Bauer hired appellant to do other work on his home, including work on the exterior and interior. The interior work was to include new cabinets in the kitchen and wallpaper. During a two-year period between May 2004 and August 2006, appellant received nearly $36,000.00 from Mr. Bauer. Appellant additionally utilized cash advances, purchases and a check to obtain an additional $3,000.00 from Mr. Bauer's credit card. Appellant asserted that he received money as loans and cash advances for work he was going to do for Mr. Bauer. Appellant did not replace the storm door, or skirting around Mr. Bauer's trailer. Kitchen cabinets that appellant had promised were produced only after appellant was indicted. The cabinets finally provided to Mr. Bauer were not the correct size. After indictment, while on bond and with the specific term that he have no contact with Mr. Bauer, appellant obtained $3,400.00 from Mr. Bauer in the form of cash advances. Appellant did put two coats of rubber sealant on the roof of Mr. Bauer's mobile home.

Appellant first met Stephen McClellan in the year 2000 when appellant was going around Mr. McClellan's mobile home park asking for work. During a nine month period between January 2006 and September 2006, appellant received nearly $26,000.00 from Mr. McClellan. Appellant did not replace Mr. McClellan's roof or perform any other repair work as promised. Mr. McClellan hired another contractor at a price of $4,800.00 to replace the roof on his mobile home.

*State v. Snyder*, No. 2008-CA-25, 2008 WL 5265826, at *1 (Ohio Ct. App. Dec. 18, 2008) (*Snyder I*).

Snyder was indicted for theft offenses involving all three victims, was convicted by jury on each count, and received an aggregate prison sentence of twelve years. *Id.* at *2. On direct appeal, the state appellate court rejected Snyder's argument that his convictions were "against the manifest weight of the evidence," noting at the same time that Snyder "does not argue that the evidence is insufficient to sustain his conviction." *Id.* at *2 & n.2. Snyder subsequently

petitioned for post-conviction relief, but his petition was denied. *State v. Snyder*, No. 09-CA-79, 2010 WL 1452600, at *7 (Ohio Ct. App. Apr. 13, 2010).

Snyder then filed a 28 U.S.C. § 2254 petition in the district court, alleging in pertinent part that there was insufficient evidence to support his convictions. The magistrate judge recommended dismissing Snyder's sufficiency claims as procedurally defaulted because he had never presented them to the state courts. The district court agreed. *Snyder v. Warden, Marion Corr. Inst.*, No. 2:11-CV-800, 2013 WL 3367864, at *1 (S.D. Ohio July 5, 2013).

Snyder appealed, and we granted a certificate of appealability on his claims that insufficient evidence supported his convictions.

II.

The parties exert most of their argument on the issue of procedural default. A § 2254 petitioner must "exhaust[ ] the remedies available in the courts of the State" that has incarcerated him before seeking relief from the federal courts. 28 U.S.C. § 2254(b)(1)(A). Where a petitioner has failed to exhaust available state-court remedies and is barred by a state procedural rule from reasserting them in the state court, his claim is procedurally defaulted in federal habeas. *Woodford v. Ngo*, 548 U.S. 81, 92–93 (2006).

We need not decide the issue of procedural default. For, assuming, but not deciding, that Snyder has not procedurally defaulted his claims, his claims lack merit.

The burden that Snyder must shoulder in demonstrating that his convictions were not supported by sufficient evidence is difficult: a conviction is supported by sufficient evidence if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319 (1979). But because Snyder's claims arise in the context of a

§ 2254 petition, our analysis must be refracted through yet another filter of deference. *See Coleman v. Johnson*, 132 S. Ct. 2060, 2062 (2012) (per curiam); *Sanborn v. Parker*, 629 F.3d 554, 577 (6th Cir. 2010). We may grant relief on his claims only if the state court's adjudication of them was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). There is a difference between being wrong and being unreasonably wrong. *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014); *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011). To prevail under § 2254, the petitioner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103; *Williams v. Bauman*, 759 F.3d 630, 635 (6th Cir. 2014).

Snyder's arguments on the merits consist primarily of assertions that each of his theft convictions was unsupported by sufficient evidence of his criminal intent. But as the state appellate court noted in adjudicating his weight-of-the-evidence claim, the circumstantial evidence admitted into evidence rebutted Snyder's explanations for his conduct: he retained significant sums of money from isolated, elderly individuals without doing most of the work that he had promised them in return. *See Snyder I*, 2008 WL 5265826, at *4. Despite Snyder's assertions that he was gifted or loaned the money and that he intended all along to perform work in return for the funds he received from each of the individuals in question, a reasonable jury could have reasonably interpreted the circumstances of his interactions with each of them otherwise and found the requisite intent to deceive. At the very least, it was not unreasonable for

the state court to conclude that a reasonable jury could have done so. *Harrington*, 562 U.S. at 103.

Snyder's remaining argument is that two of his convictions related to Bauer—theft by deception over $25,000 and misuse of a credit card over $5,000—were supported by insufficient evidence because they improperly double-counted the loss occasioned by his use of the credit card in question. Clearly, however, Snyder's conduct could have violated two different statutes at the same time, and Snyder cites no authority for the proposition that it was improper for Ohio to have prosecuted him for doing so. Again, the state court was not unreasonable in concluding that Snyder's convictions were not fatally undermined on this basis. As a result, even assuming that Snyder did not procedurally default his sufficiency claims, he is not entitled to relief upon them under § 2254.

III.

For these reasons, we affirm the judgment of the district court.